IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT BROWN, #N62623,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 23-cv-1554-RJD |
| | ) |
| **C/O RAYMOND (Sergeant),** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Robert Brown, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. He asserts that he was maced for no reason and seeks monetary damages. (Doc. 1, pp. 8-9).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims.[1] 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): On July 19, 2022, between 5:00pm and 7:30pm, Plaintiff was in Cell No. 104 of the East Cellhouse at Menard.

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

Defendant Sgt. Raymond maced Plaintiff for no reason as he stood at the back of the cell trying to get away from Defendant. This took place in front of a camera directly across from Plaintiff's cell. (Doc. 1, p. 8). Plaintiff describes Defendant Raymond as the acting cellhouse sergeant at the time. (Doc. 1, p. 1).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment excessive force claim against Sgt. Raymond for spraying Plaintiff with mace for no reason on July 19, 2022.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

## Count 1

Plaintiff's allegations are sufficient for him to proceed on the excessive force claim in Count 1 against Sgt. Raymond. An intentional use of excessive force against a prisoner without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

## DISPOSITION

The Complaint states a colorable claim in Count 1 against Sgt. Raymond.

The Clerk of Court shall prepare for Sgt. Raymond: (1) Form 5 (Notice of a Lawsuit and

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a**

**delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  September 5, 2023**

                            *s/ Reona J. Daly*
                            **REONA J. DALY**
                            **United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.