**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT BROWN, #N62623,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 23-cv-1554-RJD** |
| | ) | |
| **C/O RAYMOND (Sergeant),** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court for consideration of two motions filed by Plaintiff Robert Brown, who is currently incarcerated at Menard Correctional Center ("Menard"). The Court construes the first motion, written on a pre-printed form titled "Leave to File Petition of Mandamus" (Doc. 20), as a Motion seeking the identity of Defendant Raymond. The second motion requests recruitment of counsel (Doc. 21).

## Motion to Identify Defendant Raymond (Doc. 20)

On September 5, 2023, the Court screened Plaintiff's Complaint and allowed him to proceed on the following claim:

> Count 1:    Eighth Amendment excessive force claim against Sgt. Raymond for spraying Plaintiff with mace for no reason on July 19, 2022.

(Doc. 16). Plaintiff noted he was housed in Cell No. 104 of Menard's East Cell House when this occurred (Doc. 1, p. 8).

The Clerk sent a request for waiver of service of summons form for C/O Sgt. Raymond to the Litigation Coordinator at Menard (Doc. 17). However, the Litigation Coordinator returned the waiver form, noting she was unable to serve Raymond because there is no person by that name employed at Menard (Doc. 18). She suggested that a C/O Shaun Reiman (former Sergeant), who

1

transferred to Pinckneyville Correctional Center in July 2023, could be the individual Plaintiff seeks to serve. *Id.*

The Court then ordered Plaintiff to provide additional information so Raymond could be identified. Plaintiff responded with the instant Motion (Doc. 20), in which he seeks video footage showing the incident in the East Cell House on July 19, 2022 between 5:00pm and 7:30pm between Plaintiff and the Defendant. He identifies Raymond as the security staff sergeant assigned to the East Cell House for the 3:00-11:00pm shift on July 19, 2022.

At this juncture, Defendant Raymond has not been properly identified and cannot be served with notice of this lawsuit until his correct name is discovered. Plaintiff is responsible for conducting discovery (informal or formal) aimed at identifying this Defendant. To assist Plaintiff in this process, the Warden of Menard Correctional Center will be added as a party, in his/her official capacity only, for the purpose of responding to discovery aimed at properly identifying C/O Sgt. Raymond and responding to Plaintiff's Motion at Doc. 20. The Court will reserve ruling on the motion regarding the identity of Defendant Raymond (Doc. 20) until the Warden responds to it. Once the Defendant's correct name is discovered, Plaintiff must file a motion to substitute the correctly identified Defendant's name so that service can be ordered on him.

### Motion for Recruitment of Counsel (Doc. 21)

When Plaintiff's previous motion for recruitment of counsel was denied, he was instructed that if he renewed his motion, he must submit rejection letters from at least 3 attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own (Doc. 8). Plaintiff's motion recites that he sent certified letters to 3 attorneys in February and August 2023 but received no responses (Doc. 21). Certified mail receipts for that correspondence were filed along with Plaintiff's other motion (Doc. 20, pp. 5-9). The tracking numbers for each envelope showed that

they were delivered to the recipient law offices, according to the U.S. Postal Service tracking website. Https://tools.usps.com/go/TrackConfirmAction_input (last visited Oct. 17, 2023). Plaintiff has thus demonstrated reasonable efforts to obtain counsel on his own without success.

However, the Court is not persuaded that Plaintiff requires court-recruited counsel at this juncture. *See Pruitt v. Mote*, 503 F. 3d 647, 654 (7th Cir. 2007) (articulating factors a court considers when evaluating motions for counsel). Plaintiff is not proceeding *in forma pauperis* in this action and did not supply any updated information on his financial status as indicated in his motion (Doc. 21, p. 2), to show that he cannot afford to hire counsel. Plaintiff's education includes some college, and while he states he is "unfamiliar with legal jargon," his motions and pleadings are clearly written, timely, and coherently set forth his legal claims and requests for relief. The Court concludes that Plaintiff is capable of litigating this matter on his own at this early stage of the case. If Plaintiff encounters significant difficulties in self-representation as the case proceeds, he may refile his motion seeking recruitment of counsel.

### DISPOSITION

The Clerk of Court is **DIRECTED** to add the Warden of Menard Correctional Center (official capacity only) as a Defendant, for the purpose of responding to discovery regarding the correct identity of Defendant C/O Sgt. Raymond, and to respond to Plaintiff's Motion (Doc. 20) regarding the identity of Defendant Raymond. The Court **RESERVES RULING** on the Motion (Doc. 20) pending the Warden's response.

The Motion for Recruitment of Counsel (Doc. 21) is **DENIED** without prejudice.

The Clerk of Court shall prepare for the Warden of Menard Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, the Memorandum and Order at Doc. 16, Plaintiff's Motion at Doc. 20,

and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Warden of Menard Correctional Center **SHALL RESPOND** to Plaintiff's Motion (Doc. 20) regarding the identity of Defendant Raymond within 30 days of the execution of the Waiver of Service of Summons.

Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 17, 2023**

*s/  Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**