IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BROWN, #N62623, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-1554-RJD |
| ) | |
| ) | |
| SHAUN REIMAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's various motions.  For the reasons set forth below, Plaintiff's motions found at docket entries 57, 58, 59, and 60 are GRANTED. Plaintiff's motion found at docket 56 is DENIED.  The Court further notes that Defendant has failed to file a Rule 56.1 Notice along with his Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 54).  Defendant is **ORDERED** to file the Rule 56.1 Notice by May 6, 2024.

**Motion for Subpoenas (Doc. 56)**

Plaintiff filed a motion seeking to subpoena video footage of an incident that occurred in Menard Correctional Center ("Menard"), where he is incarcerated, on April 10, 2024, as well as a document titled "Reclassification Form," which he was allegedly forced to sign at Menard on September 12, 2023.  Plaintiff argues this is evidence of the mistreatment he receives at Menard. The Court entered an Initial Scheduling Order in this case, staying any merits discovery while the issue of exhaustion of administrative remedies is pending and advising Parties that any motion

filed regarding discovery on the merits will be summarily denied with leave to refile after the stay has been lifted. (Doc. 52). Plaintiff's motion is a request for discovery on the merits of this case. Defendants have filed a motion for summary judgment on the issue of exhaustion of administrative remedies, which is currently pending before the Court. Accordingly, Plaintiff's Motion for Subpoenas (Doc. 56) is **DENIED** without prejudice. Plaintiff may refile his motion after the issue of exhaustion of administrative remedies has been resolved and the stay in merits discovery has been lifted.

**Motion to Clarify Document 38 (Doc. 57)**

Plaintiff asks the Court to clarify the Notice found at docket entry 38, in which the Clerk of Court advised Plaintiff that the Court had received his Request for Production of Documents, but it would not file it with the record pursuant to Rule 26.1. Plaintiff's motion is **GRANTED**. Local Rule 26.1(b) provides that written discovery requests and responses must "be served upon other counsel or parties but shall not be filed with the Clerk of Court." SDIL-LR 26.1(b) (emphasis added). Accordingly, Plaintiff should have mailed any requests for production of documents to Defendants' counsel instead of mailing them to the Court for filing. Plaintiff is **REMINDED** that unless his request for the production of documents is related to the issue of exhaustion of administrative remedies, he should not attempt to serve it to Defendant until the Court has lifted the stay on merits discovery.

**Motion to Clarify Document 33 (Doc. 58)**

Plaintiff asks the Court to clarify the Order found at docket entry 33 as well as Defendant's correct name in light of some inconsistency in the spelling of his first name in his filings with this Court. Plaintiff's motion is **GRANTED**. Plaintiff originally brought his Complaint against "C/O

Raymond." The Menard Warden was thereafter added as Defendant solely for identifying "C/O Raymond." The Menard Warden identified "Defendant Raymond" as Shaun Reiman, and the Court entered the Order in docket entry 33 instructing Plaintiff to file a motion to substitute Defendant Shaun Reiman for "C/O Raymond." After Defendant was served with summons of the Complaint, he filed his Answer, in which his first name was spelled as "Shawn Reiman." (Doc. 49). Defendant admitted "he was a sergeant on July 19, 2022," but denied "he maced Plaintiff for no reason while he stood in his cell." (*Id.*). Thereafter, Plaintiff filed a Motion for Summary Judgment in which his first name is spelled "Shaun." (Doc. 54). It appears that the correct spelling of Defendant's first name is "Shaun." If, however, this is not the case, Defendant shall notify the Court accordingly by **May 6, 2024**.

**Motion to Clarify Document 46 (Doc. 59)**

Plaintiff asks the Court to clarify the Notice found in docket entry 46 regarding the Parties' consent to the undersigned conducting all proceedings in this case "including a trial and final judgment." (Doc. 46). He specifically asks whether trial means a "jury trial," since he did not request one and opposes Defendant's jury demand. Plaintiff's motion is **GRANTED**. Plaintiff is **ADVISED** that under Federal Rule of Civil Procedure 38, any party, including defendants, may demand a jury trial as to any issue triable by jury. FED. R. CIV. P. 38(b). Once a party makes a timely jury demand in accordance with Rule 38, the trial on all issues so demanded must be by jury unless: "**(1)** the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or **(2)** the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." FED. R. CIV. P. 39(b). Here, Defendant made a timely jury demand with his Answer (Doc. 49). While Plaintiff has not argued that Defendant does not have

a federal right to a jury trial, the Court notes that Plaintiff is bringing an action under Section 1983 seeking monetary damages. (Doc. 1 at 8-9). The United States Supreme Court has found that a suit under Section 1983 seeking monetary damages is an action at law within the meaning of the Seventh Amendment, which warrants the right to a trial by jury. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999). Therefore, this case will be set for a jury trial once the issue of exhaustion of administrative remedies is resolved.

**Motion to Clarify "Piecemeal" (Doc. 60)**

In his final motion, Plaintiff asks the Court to clarify what it means when it refers to the compensation Plaintiff seeks as "piecemeal." While Plaintiff does not indicate a specific docket entry, the Court assumes Plaintiff refers to the Court's Order denying Plaintiff's Motion to Amend Complaint. (Doc. 39). There, the Court denied Plaintiff's motion because Plaintiff attempted only to amend the relief sought in his original Complaint without asserting any factual allegations to independently allege a cause of action. The Court noted that it does not accept piecemeal amendments and instructed Plaintiff that if he wanted to file a proposed amended complaint, he would have to include all factual allegations supporting the claims so that the proposed amended complaint stands on its own without reference to his original complaint. Plaintiff's motion is **GRANTED**. The Court clarifies that the term "piecemeal" was referring to Plaintiff's proposed amended complaint and not the compensation sought therein. "Piecemeal" means "in pieces or fragments." *See* Piecemeal Definition & Meaning - Merriam-Webster. Under Local Rule 15(b), the Court does not accept amendments of pleadings into pieces. In this case, if Plaintiff wants to amend the complaint to only ask for additional compensation, he should submit a proposed amended complaint that includes all factual allegations he had asserted in his original complaint

and make any necessary amendments to his prayer for relief so as to seek the additional compensation. The Court **ADVISES** Plaintiff to carefully review Local Rule15(b), which sets forth specific requirements for the filing of an amended pleading:

> (b) Amendment
>
> (1) Amendment by interlineation is not permitted. An amended pleading must contain all claims against all parties, as if starting anew.
>
> (2) All new or amended material in a proposed amended pleading must be underlined or submitted in redlined form. It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by an amendment, it is sufficient that the number of the designated count or paragraph identifying the amendment be underlined. Minor spelling and stylistic changes need not be underlined. If leave is granted, a clean version of the operative pleading must be filed on the docket. This provision does not apply to appointed counsel appearing on behalf of a previously unrepresented party.
>
> (3) Unless otherwise ordered by the Court, whenever an amended pleading is filed, any motion attacking the original pleading will be deemed moot.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Clarify Document 38 (Doc. 57), Motion to Clarify Document 33 (Doc. 58), Motion to Clarify Document 46 (Doc. 59), and Motion to Clarify "Piecemeal" (Doc. 60) are **GRANTED**. Plaintiff's Motion for Subpoenas (Doc. 56) is DENIED without prejudice. Defendant is **ORDERED** to file the Rule 56.1 Notice by **May 6, 2024**, and to also notify the Court of the proper spelling of his first name by that same deadline, but only if his first name is misspelled in this case's docket.

**IT IS SO ORDERED.**

**DATED: May 2, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
