IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BROWN, #N62623, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-1554-RJD |
| ) | |
| ) | |
| SHAUN REIMAN, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**DALY, Magistrate Judge:**[1]

Plaintiff Robert Brown, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brought this civil action pursuant to 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. Plaintiff specifically alleged in the Complaint that on July 19, 2022, between 5:00 pm and 7:30 pm, while in Cell No. 104 of the East Cellhouse at Menard, Defendant Reiman,[2] the acting cellhouse sergeant at the time, maced Plaintiff for no reason as he stood at the back of the cell trying to get away from Defendant. (Doc. 1, pp. 8-9). Plaintiff seeks monetary damages. After threshold review of the Complaint, Plaintiff was allowed to proceed on an Eighth Amendment excessive force claim against Defendant Reiman for spraying Plaintiff with mace for no reason on July 19, 2022.

---

[1] This matter has been assigned to the undersigned to conduct all proceedings, including the trial and final entry of judgment, through the parties' consent pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 46).

[2] The Complaint was originally addressed against Sgt. Raymond, who was later identified as Defendant Shaun Reiman. (Docs. 33 & 39).

This matter is now before the Court on the parties' various motions. For the reasons set forth below, the following motions are **GRANTED**: Plaintiff's Motions to Clarify (Docs. 64, 65, 66, 67, 70, 72). The following motions are **DENIED**: Plaintiff's Motion to Clarify (Doc. 63); Plaintiff's Motion for Discovery (Doc. 74), and Plaintiff's Motion to Deny Summary Judgment (Doc. 75). Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 54) will be set for a hearing in a separate order.

**Plaintiff's Motion to Clarify (Doc. 63) & Motion for Discovery (Doc. 74)**

In his Motion to Clarify (Doc. 63), Plaintiff states that on April 10, 2024, a male security staff picked up a breakfast tray from outside Plaintiff's door and threw it at him so hard that it hit Plaintiff in his face, left eye, left shoulder, arm, and chest. (Doc. 63, p. 1). The force caused Plaintiff to land on the back of the cell, toilet, mirror, TV, and floor. (*Id.*). The security staff then picked the tray up again and threw it at Plaintiff for a second time through the "chuck hole." (*Id.*). Plaintiff asks for the camera footage of the incident as evidence of the treatment he received at Menard. (*Id.*). Defendants did not file a response. While titled as a motion to clarify, this is, in essence, a discovery request as to the merits of the case.

Plaintiff also filed a Motion for Discovery (Doc. 74), in which he asks Defendant to produce the following: (a) the duty roster of the date of the incident, including the verified names of staff assigned and pictures of each staff member so that Plaintiff can confirm the identity of the individual who maced him; (b) video footage of the July 19, 2022, incident from a camera close to his cell; (c) a legal document that the clinical service worker, Mr. Malbrey, allegedly coerced Plaintiff to sign on September 12, 2023; and (d) video footage of Plaintiff's alleged assault by Menard security staff on April 10, 2024. (Doc. 74, p. 1).

Pursuant to the Initial Scheduling Order (Doc. 52), discovery on the merits of Plaintiff's claims has been stayed until the Court resolves the issue of exhaustion of administrative remedies. In its Order, the Court explicitly warned that "[a]ny motions filed regarding discovery on the merits will be summarily denied, with leave to refile after the stay has been lifted." (Doc. 52, p. 5). Defendant's motion for summary judgment on the issue of exhaustion of administrative remedies is still pending, and the stay on the merits discovery remains in place. Because Plaintiff's Motion to Clarify (Doc. 63) and Motion for Discovery (Doc. 74) pertain to the merits of the case, Plaintiff's motions are **DENIED**. The Court further clarifies that after the stay is lifted, Plaintiff's requests for production of those items should be mailed to Defendant's counsel and not filed with the Court. *See* SDIL-LR 26.1(b)(providing that written discovery requests and responses must "be served upon other counsel or parties but shall not be filed with the Clerk of Court").

**Plaintiff's Motion to Clarify (Doc. 64)**

This motion to clarify is split into two sections. In the first section, Plaintiff addresses the issue of exhaustion of administrative remedies (Doc. 64, p. 1), while in the second section, he asks for clarification regarding the Court's Notice found at docket entry 38. (Doc. 64, p. 2). The Court considers the first section as Plaintiff's response to Defendant's motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 75).[3] In the second section, Plaintiff specifically asks for clarification of the Court's Notice found at docket entry 38. Plaintiff's Motion to Clarify (Doc. 64) is **GRANTED**. The Notice states:

> The Court has received from Plaintiff Request for Production of Documents. These documents will not be filed as it would violate this Court's Local Rule 26.1(b). No discovery materials shall be filed. Your documents were received electronically, therefore, will not be returned to you.

---

[3] This issue is discussed later on in more detail.

(Doc. 38). Plaintiff first asks if those documents are being held by the Court and will be returned to him at a later time. The Court clarifies that it has not maintained Plaintiff's requests for production of documents. Because those documents were received electronically, they will not be returned to Plaintiff. Plaintiff next asks if he should refile the request for production once the stay on the merits discovery is lifted. The Court clarifies that Plaintiff should not refile his requests for production of documents with the Court. *See* SDIL-LR 26.1(b)(providing that written discovery requests and responses must "be served upon other counsel or parties but shall not be filed with the Clerk of Court"). When the issue of exhaustion of administrative remedies is resolved, and the stay on the merits discovery is lifted, the Court will enter a new scheduling order regarding discovery on the merits. Then, Plaintiff will have the opportunity to send his requests to Defendant's counsel through mail. Again, Plaintiff shall not file his discovery request with the Court unless a discovery dispute arises (*e.g.*, if Defendant fails to respond to Plaintiff's discovery requests within the timeframe that will be set in the Court's scheduling order for discovery on the merits, Plaintiff will be entitled to file a motion to compel and attach the relevant discovery requests as exhibits).

**Motions to Clarify (Docs. 65 & 66)**

In these motions, which are identical, Plaintiff states that he mailed a letter to the Court on April 10, 2024, regarding his alleged assault by security staff on that same day, but Menard correctional officers did not process the mail under May 3, 2024. (Doc. 65, p. 1). Plaintiff states that the delay resulted in the Court ruling in favor of the Defendant. Plaintiff does not identify the specific ruling, but the Court assumes it refers to Order (Doc. 61), entered on May 2, 2024. There, the Court addressed Plaintiff's various motions that were pending at that time, including a motion

Page **4** of **9**

to subpoena the video footage of Plaintiff's alleged assault on April 10, 2024. Plaintiff's Motions to Clarify (Docs. 65 & 66) are **GRANTED**. The Court first clarifies that all but one of Plaintiff's motions addressed in Order (Doc. 61) were granted. The Court denied without prejudice only Plaintiff's Motion for Subpoena (Doc. 56), asking for video footage of the April 10, 2024, incident. The Court explained that this was a request for discovery on the merits filed in violation of the Court's Initial Scheduling Order. Once more, the Court clarifies that Plaintiff may refile his motion for a subpoena after the issue of exhaustion of administrative remedies has been resolved and the stay in merits discovery has been lifted. The Court expresses no opinion on the merits of Plaintiff's request for subpoena. It merely holds that Plaintiff's request at this time is barred pursuant to the Initial Scheduling Order.

**Motion to Clarify (Doc. 67)**

In this motion, Plaintiff asks for clarifications as to the correct name of Defendant and the correct number of this case. Plaintiff's Motion to Clarify (Doc. 67) is **GRANTED**. Plaintiff states he is confused because, in the Certificate of Service of Defendants' Rule 56 Notice (Doc. 62, p. 4), Defendant's name is stated as C/O RAYMOND (Sergeant). He accuses the Defendant's counsel of collusion. However, Defendant's correct name was used throughout the Notice, and it appears that the misidentification in the accompanying Certificate of Service was an inadvertent mistake that does not prejudice Plaintiff in any way. The Court again clarifies that Defendant's correct name is Shaun Reiman. (*See* Docs. 33, 39 & 58).

As to the correct case number, the Plaintiff complained about the case being referenced in the Court's filings interchangeably as 23-cv-01554-RJD and 23-1554-RJD. The Court clarifies

that these are both valid forms of this case's number. The omission or addition of the number "0" is not a misidentification of this case's number.

**Plaintiff's Motion to Clarify (Doc. 70)**

This motion is also titled "Motion to Clarify," but Plaintiff's requested relief is unclear. Plaintiff states that on July 30, 2024, he was placed in segregation, and since then, he has been unable to "notify or respond" to the Court. (Doc. 70, p. 1). He then states that he was "set up to fight an ex-cellie" and has been prevented from initiating new actions against other Menard correction staff, but he does not indicate who set him up or prevented him from initiating those actions (*Id.*). He closes his motion, stating that he feels his life is in danger and that as of October 20, 2024, he has not received his legal documents. (*Id.*). Defendant filed a response, arguing that the motion should be denied because the allegations therein are unrelated to Defendant and this pending claim. (Doc. 70). Defendant further suggests that the alleged interference with Plaintiff's ability to file documents after being sent to segregation on July 30, 2024, cannot be an excuse for Plaintiff's alleged failure to respond to Defendant's motion for summary judgment, which was due on June 3, 2024. (*Id.*).

To the extent Plaintiff seeks an extension of time to respond to Defendant's motion for summary Judgment (Doc. 54), Plaintiff's Motion to Clarify (Doc. 70) is **GRANTED**. As set forth above, on May 14, 2024, Plaintiff filed a document titled "Motion to Clarify" (Doc. 64, p. 1), which contains a section addressing the issue of exhaustion of administrative remedies. Plaintiff has more recently filed another Motion to Clarify (Doc. 72), in which he explains that he included his response to Defendant's motion for summary judgment in documents he mailed to the Court on April 30, 2024. Defendant filed a response opposing Plaintiff's Motion to Clarify (Doc. 72)

and denied receiving any response to the summary judgment motion. (Doc. 73). The Court assumes the document Plaintiff refers to is the Motion to Clarify (Doc. 64). The Court will consider that document as Plaintiff's timely response to Defendant's motion for summary judgment.

Given the seriousness of Plaintiff's statement that he believes his life is in danger, and even though Plaintiff is not asking for a preliminary injunction, the Court will also address this matter. The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). *See also Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally."). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. The allegations set forth in Plaintiff's motion do not appear to relate to the claim he pursues in this case. Plaintiff states that he was "set up to fight an ex-cellie" and was prevented from initiating new actions against other Menard correction staff. There is no indication in Plaintiff's motion that Defendant has been involved in those actions. The plaintiff further states

that he feels his life is in danger, but he does not state who poses a threat to his life. He further does not set forth any facts indicating Defendant's involvement with the threat to his life. This action relates to a single incident that occurred on July 19, 2022, when Defendant Reiman allegedly maced Plaintiff for no reason as he stood at the back of the cell trying to get away from Defendant. There is nothing in Plaintiff's motion connecting his transfer to segregation, the interference with his legal mail, and his fear for his life to Defendant or the claim Plaintiff pursues in this action. Accordingly, to the extent Plaintiff seeks a preliminary injunction with his motion, his request is **DENIED**.

**Plaintiff's Motion to Deny Summary Judgment (Doc. 75)**

In this motion, Plaintiff lists all his filings following Defendant's Motion for Summary Judgment (Doc. 54) but does not make any specific request. The Court assumes the purpose of this motion is to respond to Defendant's recent filing denying that he ever received a response to the Motion for Summary Judgment. As set forth above, the Court agrees with Plaintiff that his Motion to Clarify (Doc. 64) is a timely response to the motion for summary judgment. In his response, Plaintiff states that he filed a grievance relating to this action on July 24, 2022, but never received a response from his counselor. (Doc. 64, p. 1). Because Plaintiff's response raises a factual dispute on the issue of exhaustion of administrative remedies, the Court cannot determine the issue without an evidentiary hearing. Accordingly, Plaintiff's Motion to Deny Summary Judgment (Doc. 75) is **DENIED**. The Court will enter a separate order setting Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 54) for a hearing.

## Conclusion

For the reasons set forth above, the following motions are **GRANTED**: Plaintiff's Motions to Clarify (Docs. 64, 65, 66, 67, 70, 72).  The following motions are **DENIED**: Plaintiff's Motion to Clarify (Doc. 63); Plaintiff's Motion for Discovery (Doc. 74), and Plaintiff's Motion to Deny Summary Judgment (Doc. 75).  The Court will enter a separate order setting Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 54) for a hearing.

**IT IS SO ORDERED.**

**DATED: January 16, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**